UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

NOV - 2 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

ALLY FINANCIAL INC.,

    Plaintiff,

-vs-

JEFFREY DOWD,

    Defendant.

Case No. 11-14697

Hon. George Caram Steeh
Mag. Paul J. Komives

## CONSENT ORDER FOR TEMPORARY RESTRAINING ORDER

AND NOW, this 2nd day of November 2011, upon consent of the parties hereto:

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. Defendant be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any agent of Defendant, until further Order of this Court, from doing any of the following:

    (a) using, disclosing, disseminating, storing, retaining, copying or transmitting for any purpose, any and all of Ally's proprietary and confidential information improperly obtained by Defendant, including, but not limited to, its, Franchise Reports, Compensation Worksheets, Basel II Self Assessment and Program Roadmap Project, Ally Dual Risk Rating Project, Credit Committee Reports on Individual Dealer Groups, Global Auto Finance Key Process Analysis for Commercial Lending, and Global Automotive Fraud Portfolio Review, along with other confidential and proprietary information which is solely the property of Ally; and

    (b) destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records, telephonic records, or documents (including data

or information maintained in computer media) in Defendant's possession, custody, or control, or to which Defendant has access, including but not limited to, computers and/or data or server systems belonging to his current employer, which were obtained from or contain information derived from any of Ally's proprietary and confidential records or information, or which relate to any of the events alleged in the Verified Complaint in this action.

2. Within forty-eight (48) hours of notice to Defendant or his counsel of the terms of the Court's Order, Defendant, and anyone acting in concert or participation with Defendant, and any agent, employee or representative of Defendant, is further ordered to: a) identify and return to Ally's counsel any and all proprietary and confidential records, documents and/or other types of information pertaining to Ally, whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form; and b) identify any and all individuals, companies or organizations to whom Defendant disclosed, disseminated, or transmitted for any purpose, any such documents and/or information.

3. Within forty-eight (48) hours of notice to Defendant or his counsel of the terms of this Order Defendant shall identify and produce to Ally his passwords and/or credentials to all PDAs or other personal or company-issued cellular devices (including Blackberry, iPhone, etc.), web based e-mail accounts and/or cloud, web-based, and/or electronic storage databases, including but not limited to his gmail e-mail account, his sbcglobal account, or any other personal or business e-mail accounts belonging or registered to Defendant or any of his agents, including his wife, *[handwritten:]* with the understanding that Dowd's wife uses a computer that was issued by the DMC to which Mr. Dowd does not have access or control.

4. Within forty-eight (48) hours of notice to Defendant or his counsel of the terms of this Order Defendant shall identify and produce any computer, personal digital assistant (PDA), cellular phone, USB device, or other electronic storage device in his possession, custody or control, or to which he has access, or which has been in his possession, custody or control, or to which he has had access since January 1, 2011 and on which Defendant or any of his agents have accessed their personal or company-issued email accounts, including, but not limited to Defendant's Ally account, TD Finance account, gmail account, sbcglobal account, or his wife's personal e-mail account(s), or on which any of Ally's proprietary or confidential information has been stored or otherwise accessed.

5. Within forty-eight (48) hours of notice to Defendant or his counsel of the terms of this order Defendant shall provide to counsel for Plaintiff an affidavit, signed under penalty of perjury which clearly and definitively: (1) identifies – by manufacturer, model, location, username and password – any and all computers, PDA and storage devices which Defendant either has accessed or which were available to him to access his e-mail accounts, whether personal or business-related; (2) avers that Defendant has identified – by manufacturer, model, location, username and password – any and all computers, PDA and storage devices which Defendant either has accessed or which were available to him to access his e-mail accounts, whether personal or business-related; (3) avers that Defendant has produced to his counsel any and all computers, PDA and storage devices which he either has accessed or which were available to him to access any and all of his e-mail accounts; (3) avers that Defendant has produced for inspection any and all Ally-related information within his possession, custody and control; (4) identifies each and every e-mail account Defendant has utilized, has established on his behalf, or discontinued using from January 1, 2011 to present; (4) identifies by carrier,

3

account holder, and telephone number (and password if applicable) each and every PDA or cellular phone Defendant has used from January 1, 2011 to present; (5) identifies the specific and due diligence efforts Defendant has undertaken to identify, locate, and/or confirm that he has produced any and all Ally-related information – in whatever form – in his possession, custody or control; and (6) includes a detailed description of any and all Ally-related documents that Defendant has or believes he may have deleted as well as the date on which and the device or account from which any such documents were or may have been deleted.

6. Any and all confidential and proprietary information within the possession, custody or control of Defendant that is contained in any computerized form, including on computer software, disks, computer hard drive, Defendant's or any agent's personal e-mail account and/or any other type of computer or digital information storage device, returned pursuant to paragraphs 2, 3 and 4 above be permanently deleted by an Ally representative. Such customer information shall be permanently deleted, if possible without affecting any other information or software on the computer or electronic database. Defendant, and anyone acting in concert with Defendant, is precluded from reconstituting or in any way restoring any Ally Information deleted pursuant to this paragraph and returned to Ally pursuant to paragraphs 2, 3 and 4 above.

7. The Court's Order shall remain in full force and effect until such time as this Court specifically orders otherwise.

8. The parties be granted leave to commence discovery, including depositions, interrogatories, and requests for production of documents immediately.

BY THE COURT:

*[signature]*

UNITED STATES DISTRICT JUDGE

NOV - 2 2011

The undersigned stipulate to the form, substance and entry of the within order.

| | |
|---|---|
| *[signature]* | *[signature]* |
| MAURICE G. JENKINS (P33083) | DAVID G. DRAGICH P63234 |
| THOMAS W.H. BARLOW (P10443) | JAMES S. HARRINGTON P68384 |
| KIMBERLY A. YOURCHOCK (P72336) | Harrington Dragich PLLC |
| Jackson Lewis LLP | 21043 Mack Avenue |
| Attorneys for Plaintiff | Grosse Pointe Woods, MI 48236 |
| 2000 Town Center, Suite 1650 | (313) 886-4550 |
| Southfield, MI 48075 | ddragich@harringtondragich.com |
| (248) 936-1900 | jharrington@harringtondragich.com |
| jenkinsm@jacksonlewis.com | |
| barlowt@jacksonlewis.com | |
| kimberly.yourchock@jacksonlewis.com | |

Dated:  November 2, 2011                    Dated:  November 2, 2011

4817-5181-4157, v. 1